UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JERMAINE D'SHANN DODD,

    Petitioner,

    v.                        CAUSE NO. 3:19-CV-140-JD-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Jermaine D'Shann Dodd, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-19-1-243) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of threatening staff in violation of Indiana Department of Correction Offense 213. Following a disciplinary hearing, he was sanctioned with a loss of ninety days earned credit time and a demotion in credit class.

Dodd argues that he is entitled to habeas relief because the hearing officer lacked sufficient evidence to support a finding of guilt. He contends that the hearing officer relied solely upon the conduct report for this finding.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report, by itself, is sufficient to satisfy the "some evidence" standard. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's decision.").

The administrative record includes a conduct report in which a caseworker stated as follows:

> On 1/16/2019 at approx.. 7:28am, I, Caseworker Sara McCormick was conducting my routine rounds and I had to stop at Offender Dodd, Jermaine #112883 cell DW-426 to have him sign for his law library materials he had coming from the law library. Offender Dodd was given several moments and he was looking over the documents and when I asked him to sign to confirm receiving the documents he said, "You are going to Stop talking to me like that!" I again asked for him to return the sign sheet that was already signed by other offenders and he refused several of my requests. Offender puffed up his chest and did threaten me stating, "YOU WILL GET THE FUCK AWAY FROM MY CELL, BITCH, GET ME A HAT!!" I stood there for a brief few more minutes and Dodd then said, "GET AWAY FROM MY CELL OR ELSE!!" I then left his cell area with him still yelling for a white hat and disrupting the rest of the cell-house threatening me.

The conduct report indicates that Dodd directed profanity-laced demands and threats at the caseworker and thus constitutes some evidence that Dodd engaged in threatening conduct toward a staff member. Therefore, the argument that the hearing officer lacked sufficient evidence for a finding of guilt is not a basis for habeas relief.

Dodd argues that he is entitled to habeas relief because the hearing officer did not provide him with a written explanation of the decision. Procedural due process requires a "written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). "A prison

2

disciplinary committee is required to give a brief statement of the evidentiary basis for its decision to administer discipline, so that a reviewing court, parole authorities, etc. can determine whether the evidence before the committee was adequate to support its findings concerning the nature and gravity of the prisoner's misconduct." *Saenz v. Young*, 811 F.2d 1172, 1174 (7th Cir. 1987). In the hearing report, the hearing officer explained that she relied on the conduct report and that she imposed sanctions due to the seriousness of the offense, the degree to which the violation disrupted security, and the potential deterrent effect. ECF 19-4. Though the hearing officer's explanation is not particularly detailed, it identifies the evidentiary basis for the finding of guilt and the reasons for the sanctions imposed and thus satisfies procedural due process. Therefore, the claim that the hearing officer did not provide a written explanation is not a basis for habeas relief.

Dodd argues that he is entitled to habeas relief because he did not receive sufficient notice of the charges because the conduct report implied that he was charged with threatening in violation of Offense 213 and intimidation in violation of Offense 246[1] but that he was found guilty only of threatening. To satisfy procedural due process, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). This notice must be

---

[1] According to departmental regulations, Offense 246 prohibits the possession of offensive material. ECF 19-8. It is unclear why Dodd would have believed that he was charged with this offense given that the narrative portion of the conduct report does not suggest that he possessed offensive materials.

3

given no less than twenty-four hours before the hearing. *Id.* Dodd received a copy of the conduct report notifying him of the threatening charge five days before the hearing. ECF 19-1. While the conduct report used the terms intimidation and threatening to describe the offense, it cited only to Offense 213, which is referred to as "threatening" in the departmental policy. ECF 19-8. Further, Offense 213 expressly prohibits inmates from communicating in a manner that is intended to intimidate another person. *Id.* Moreover, it is unclear how notifying Dodd that he could be subject to disciplinary sanctions for two offenses but only finding him guilty for one of those offenses could plausibly constitute inadequate notice. Therefore, the claim that he received inadequate notice is not a basis for habeas relief.

Dodd argues that he is entitled to habeas relief because he did not have an opportunity to request witnesses at screening or to defend himself at the hearing. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* The administrative record indicates that Dodd refused to participate in the screening process and demanded that the screening officer get away from his cell. ECF 19-3. It also indicates that the hearing officer allowed Dodd to speak but that Dodd declined to address the allegations of the conduct report and demanded to return to his cell. ECF 19-4. Stated otherwise, Dodd had an

4

opportunity to defend himself but declined to do so. Therefore, this claim is not a basis for habeas relief.

Dodd argues that he did not have an impartial decisionmaker because the hearing officer was a coworker, friend, and family member of the caseworker who issued the conduct report. He also contends that the hearing officer began completing the form prior to the conclusion of the hearing. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decisionmaker in the case. *Id.*

There is no indication that the hearing officer was involved in the underlying incident. Further, Dodd offers no details as to the nature or degree of the alleged familial relationship or how he became aware of it, and friendship with a witness, by itself, is insufficient to disqualify a hearing officer from acting as a decisionmaker. *See U.S. v. Murphy*, 768 F.2d 1518, 1537 (7th Cir. 1985) ("Many courts therefore have held that a judge need not disqualify himself just because a friend—even a close friend— appears as a lawyer."). Moreover, even if the hearing officer completed the hearing report form prior to the conclusion of the hearing, it does not follow that she had made a final decision at that time or that she would not consider Dodd's response to the charges and the conduct report before finalizing her decision.

The Warden also argues that Dodd did not exhaust his administrative remedies with respect to this claim. Generally, State prisoners must exhaust State court remedies

5

to obtain habeas relief in federal court. 28 U.S.C. § 2554. However, "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). The Seventh Circuit Court of Appeals examined a similar argument in *Eads v. Hanks*, 280 F.3d 728 (7th Cir. 2002). In that case, a prisoner claimed that he was entitled to habeas relief because the hearing officer was romantically involved with a correctional officer, who also served as a witness at the disciplinary hearing, and lived with her. *Id.* at 729. The appellate court declined to address the merits of the habeas claim, reasoning as follows:

> [T]he prisoner had the information about the alleged relationship between the committee member and the witness before he filed his administrative appeal, yet failed to advise the appellate tribunal, thus forfeiting his right to urge it as a ground for obtaining relief in a federal habeas corpus proceeding. Insistence on a timely complaint of a potentially disqualifying personal relationship is imperative, since there is a danger that prisoners will fabricate such claims or base them on groundless rumors. The later the claim is made, the likelier it is to be a last minute invention.

*Id.* In his traverse, Dodd represents that he declined to participate at the hearing because he knew that the hearing officer and the caseworker were family members and close friends and because he saw that the hearing officer had already begun completing the hearing report form. ECF 21 at 5. Nevertheless, he did not present this claim on administrative appeal. ECF 19-5, ECF 19-6. Because Dodd did not exhaust his administrative remedies for this claim, it is not a basis for habeas relief.

Dodd argues that he is entitled to habeas relief because the caseworker issued the conduct report in retaliation for filing grievances. "Prisoners are entitled to be free from

6

arbitrary actions of prison officials. The protections against this arbitrary action, however, are the procedural due process requirements as set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974)." *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984) "[R]etaliatory motive in the filing of a disciplinary charge is not a ground for relief if the subsequent disciplinary proceedings are held in accordance with due process." *Lee v. Berge*, 14 F. App'x 690, 693 (7th Cir. 2001). Therefore, the claim of retaliation is not a basis for habeas relief.

Dodd also filed a motion for an evidentiary hearing. ECF 22. The court denies this motion because there are no material fact disputes and an evidentiary hearing is unnecessary to resolve this case. Additionally, Dodd filed a motion seeking an investigation and a hearing on events that occurred at the Indiana State Prison in November 2020. ECF 30. The sole connection between these events and this case is that correctional staff confiscated his documents related to this case, so this motion is denied. If Dodd needs copies of the filings in this case, he may purchase them from the clerk's office, or he may file a motion, which the court will grant upon a showing of good cause.

Because Dodd has not demonstrated that he is entitled to habeas relief, the habeas petition is denied. If Dodd wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 13);

(2) DENIES the motion for a hearing (ECF 22);

(3) DENIES the motion to investigate (ECF 30);

(4) DIRECTS the clerk to enter judgment and close this case; and

(5) DENIES Jermaine D'Shann Dodd leave to proceed in forma pauperis on appeal.

SO ORDERED on February 10, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT